IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO: 08-81044-CIV-RYSKAMP-VITUNAC

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | )<br>)<br>)<br>)<br>) |
| v. | )<br>) |
| MICHAEL A. MEISNER AND PHOENIX DIVERSIFIED INVESTMENT CORPORATION, INC., | )<br>)<br>)<br>) |
| Defendants, and | )<br>)<br>) |
| VICTORIA R. MEISNER, | )<br>) |
| Relief Defendant. | )<br>) |

### [CONSENT ORDER OF PRELIMINARY INJUNCTION AND OTHER ANCILLARY RELIEF AGAINST PHOENIX DIVERSIFIED INVESTMENT CORPORATION, INC.

Plaintiff Commodity Futures Trading Commission ("Plaintiff" or "Commission"), has filed a Complaint against Defendants Michael A. Meisner ("Meisner"), Phoenix Diversified Investment Corporation, Inc., ("Phoenix") (collectively the "Defendants"), and Relief Defendant Victoria R. Meisner ("V. Meisner"), seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 *et seq.* (2006), and Commission Regulations, 17 C.F.R. §§ 1 *et seq.* (2008).

This cause coming to be heard on the Plaintiff's Motion For A Statutory Restraining Order ("SRO") On Notice and Motion for a Preliminary Injunction (collectively "Motions"), and

the Court, having read the Plaintiff's Brief and supporting declarations and exhibits in support of its Motions, and having been fully advised of the premises, finds that this Court has jurisdiction over this enforcement action subject matter and over the Defendants pursuant to 7 U.S.C. § 13a-1 (2006), and 11 U.S.C. § 362(b)(4) (2006).

Consents and Agreements

1. Phoenix is currently the debtor in a bankruptcy proceeding in the bankruptcy court for this district. *See In Re: Phoenix Diversified Investment Corporation, Inc.,* (08-15917-EPK). Michael R. Bakst was appointed the interim chapter 7 Trustee ("Trustee") pursuant to 11 U.S.C. §§ 303(g) and 701.

2. The Trustee for defendant Phoenix, without admitting or denying the allegations of the Complaint for the purposes of this Consent Order of Preliminary Injunction and Other Ancillary Relief ("Consent Order"), except as to jurisdiction and venue, which he admits, consents to the entry of this Order, subject to the parties' express understanding that this Order is not directed to and affords no relief against the Trustee, his agents, representatives or attorneys, or against the bankruptcy estate of Phoenix; and.

3. The Trustee affirms that he has agreed to this Consent Order voluntarily, and that no threat or promise, other than as specifically contained herein, has been made by the Commission or any member, officer, agent or representative thereof, to induce him to consent to this Consent Order;

4. The Trustee acknowledges service of the summons and Complaint;

5. The Trustee waives the entry of findings of fact and conclusions of law for purposes of this Order pursuant to Rule 52 of the Federal Rules of Civil Procedure.

THE PARTIES AGREE AND THE COURT FINDS THAT:

6. This Court has jurisdiction over Phoenix and the subject matter of this action pursuant to Section 6c of the Commodity Exchange Act, as amended, (the Act), 7 U.S.C. §13a-1 (2006), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

7. The pending bankruptcy matters do not affect the Commission's ability to file an action for injunctive relief seeking to enjoin the Defendants' fraud. Such regulatory actions fall under an exception to the bankruptcy stay provisions. *CFTC v. AVCO Financial Corp.*, 979 F.Supp. 232, 235 (S.D.N.Y. 1997); *CFTC v. Co Petro Marketing Group, Inc.*, 700 F.2d 1279 (9th Cir. 1983); *In re Dolan*, 265 B.R. 471, 481 (Bkrtcy M.D. Fla. 2001) (an action to enjoin illegal conduct and to obtain restitution for that conduct "falls squarely within the scope of the [Section] 362(b)(4) exception.").

8. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. §13a-1(e), in that the Defendants are found, inhabit or transacted business in this district, and the acts and practices in violation of the Act have occurred, are occurring or are about to occur within this district. The parties agree that the facts alleged in the complaint occurred prior to the appointment of the Trustee for Defendant Phoenix.

9. There is good cause to believe that the Defendants have engaged in acts and practices that violated Sections 4b(a)(2)(i)-(iii), 4m(1) and 4o(1) of the Act, 7 U.S.C. §§ 6b(a)(2)(i)-(iii), 6m(1) and 6o(1), and Commission Regulations, and there is a reasonable likelihood that the CFTC will prevail on the merits of this action.

**IT IS THEREFORE ORDERED THAT:**

10. Defendant Phoenix, and its agents, servants, employees, nominees, or attorneys are restrained, enjoined and prohibited, until further order of this Court, from directly or indirectly:

> A. Cheating or defrauding or attempting to cheat or defraud other persons in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other person, in violation of Sections 4b(a)(2)(i) of the Act, 7 U.S.C. § 6b(a)(2)(i);
>
> B. Willfully making or causing to be made to other persons any false report or statement thereof, or willfully entering or causing to be entered for such persons any false record thereof, in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other person, in violation of Section 4b(a)(2)(ii) of the Act, 7 U.S.C. § 6b(a)(2)(ii);
>
> C. Willfully deceiving or attempting to deceive other persons by any means whatsoever in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other person, in violation of Section 4b(a)(2)(iii) of the Act, 7 U.S.C. § 6b(a)(2)(iii);
>
> D. Employing any device, scheme, or artifice to defraud any participant or prospective participant, or engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any participant or prospective participant, by use of the mails or any means or instrumentality of interstate commerce, in violation of Section 4o(1) of the Act, 7 U.S.C. § 6o(1); and
>
> E. Operating as a CPO, engaged in the business of soliciting, accepting, or receiving from others, funds, securities, or property, for the purpose of trading in any commodity for future delivery on or subject to the rules of any contract market without being registered with the Commission as a CPO, in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1).

11. Phoenix and all its agents, servants, employees, nominees, or attorneys are further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

    A.    Engaging in, controlling or directing the trading for any commodity futures or options accounts for or on behalf of any other person or entity, whether by power of attorney or otherwise;

    B.    Entering into any commodity futures or options transactions for its own account, for any accounts in which it has a direct or indirect interest and/or having any commodity futures or options traded on its behalf; and

    C.    Soliciting any new or existing pool participants or accepting any new deposits of funds from any new or existing pool participants.

Asset Freeze

12.    Phoenix and its agents, servants, employees, nominees, or attorneys are further restrained, enjoined and prohibited, until further order of this Court from directly or indirectly:

    A.    Dissipating, withdrawing, transferring, removing, concealing or disposing of cash, cashiers checks, funds, assets or other property of, or within the custody, control or possession of the Defendants, including, but not limited to, all funds, personal property, money or securities held in safes, safety deposit boxes and all funds on deposit in any financial institution, bank or savings and loan account, including funds or property of customers, wherever located, whether held in the name of the Defendants or otherwise, in existence before the filing of the involuntary bankruptcy petition.

    B.    The asset freeze portion of this Order is not directed to and affords no relief against the Trustee, his agents, representatives or attorneys and it shall be enforced in a manner which is consistent with orders of the bankruptcy court and applicable bankruptcy laws.

Maintenance of Books and Records

13.    The Trustee currently has custody and control of previously identified books and records of Phoenix. The Trustee, Defendants and their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the Defendants who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, shall cooperate fully with the Commission to locate and provide to representatives of the Commission, upon reasonable notice, all books, records and other documents of Defendants wherever such

books and records may be situated; and shall not destroy, alter, conceal or dispose of any books, records, documents, correspondence, brochures, manuals, electronically stored data, meta data, tape recordings or other property, wherever stored or located concerning the Defendants and the Relief Defendant; and shall permit representatives of the Commission, upon reasonable notice, to make copies of said books and records. The Trustee agrees to provide the Commission with reasonable notice if destruction or modification of the records in his custody becomes necessary or is ordered by the Bankruptcy Court. The Commission has or will enter its notice of appearance in the bankruptcy case.

14. Until further order of this Court, Defendants and each firm, corporation, partnership, association or other person or entity which holds or is a depository of Defendants' funds, securities, assets or other property of any kind, are prohibited from directly or indirectly transferring, withdrawing, removing or disposing of any such funds, securities, assets or other property in any way other than to preserve said property to be delivered to the bankruptcy Trustee upon further order of this court.

15. The injunctive provisions of this Order shall be binding on Defendants, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of Defendants and upon any person who receives actual notice of this Order by personal service, facsimile or otherwise insofar as he or she is acting in active concert or participation with Defendants.

16. It is further ordered that Ava M. Gould, Senior Attorney for the CFTC, or Donald Nash, Senior Futures Investigator, shall serve this Order and all other papers in this cause. It is further ordered that this Order may be served by facsimile transmission, electronic mail or data

transfer, courier service, certified, registered or first class mail, Federal Express or personal service.

17. Notwithstanding any other provision of this order, the Trustee's administration of Phoenix's bankruptcy estate and (to the extent applicable) the Trustee's maintenance of some or all of Phoenix's customer and pool participant property, cash, securities, accounts and account balances in a *status quo* position pending a determination by the United States Bankruptcy Court with jurisdiction over Phoenix's bankruptcy case (the "Bankruptcy Court") concerning the ownership, use and disposition of such property, cash, securities, accounts, and account balances, and any liquidation or other disposition of such property, cash, securities, accounts and account balances pursuant to order of the Bankruptcy Court, shall not be prohibited or restricted or constrained by this Order, even though such property, cash, securities, accounts and/or account balances were not previously maintained by Phoenix in accordance with applicable law or this order.

18. Nothing in this Order of Preliminary Injunction and Other Relief is intended to limit or constrain the Trustee's fulfillment of his responsibilities and duties as Trustee under the laws of the United States, the Bankruptcy Code and/or the order of the United States Bankruptcy Court, including but not limited to those duties related to the maintenance, preservation, marshalling and distribution of Phoenix assets in accordance with the above authority, including any distribution or liquidation of assets as approved by the Courts or to limit the protections he is afforded under those laws.

19. This Order shall remain in effect until further order of this Court and this Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action.

20.   The Trustee's consent to this order is contingent upon the Trustee's obtaining a final order from the bankruptcy court approving the Trustee's consent to the order pursuant to Federal Rule of Bankruptcy Procedure 9019.

**IT IS SO ORDERED.**

DATED: _____, 2008

Recommended for Entry:

Ann E. Vitunac
United States Magistrate Judge

Entered this __17__ day of __Nov.__ 2008

Kenneth L. Ryskamp
U.S. District Judge

CONSENTED TO AND APPROVED BY:

_____   Dated: 10/16/08
Michael R. Bakst, Bankruptcy Trustee on behalf
of Phoenix Diversified Investment Corporation, Inc.

_____   Dated: 10/16/08
Ava M. Gould
for Plaintiff, U.S. Commodity Futures Trading
Commission

_____
MICHAEL B. HOLDEN, Counsel for
PHOENIX DIVERSIFIED INVESTMENT CORP., INC.

-8-

K:\PHOENIX\DRAFT 2PHOENIX CONSENT PRELIM.doc