IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO: 08-81044-CIV-RYSKAMP-VITUNAC

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | )<br>)<br>)<br>)<br>) |
| v. | )<br>) |
| MICHAEL A. MEISNER AND PHOENIX DIVERSIFIED INVESTMENT CORPORATION, INC., | )<br>)<br>)<br>) |
| Defendants, and | )<br>)<br>) |
| VICTORIA R. MEISNER, | )<br>) |
| Relief Defendant. | )<br>) |

### CONSENT ORDER OF PRELIMINARY INJUNCTION AND OTHER ANCILLARY RELIEF AGAINST MICHAEL A. MEISNER AND VICTORIA R. MEISNER

Plaintiff Commodity Futures Trading Commission ("Plaintiff" or "Commission"), has filed a Complaint against Defendants Michael A. Meisner ("Meisner"), Phoenix Diversified Investment Corporation, Inc., ("Phoenix") (collectively the "Defendants"), and Relief Defendant Victoria R. Meisner ("V. Meisner"), seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 *et seq.* (2006), and Commission Regulations, 17 C.F.R. §§ 1 *et seq.* (2008).

This cause coming to be heard on the Plaintiff's Motion For A Statutory Restraining Order ("SRO") On Notice and Motion for a Preliminary Injunction (collectively "Motions"), and

the Court, having read the Plaintiff's Brief and supporting declarations and exhibits in support of its Motions, and having been fully advised of the premises, finds that this Court has jurisdiction over this enforcement action subject matter and over the Defendants pursuant to 7 U.S.C. § 13a-1 (2006), and 11 U.S.C. § 362(b)(4) (2006).

Consents and Agreements

1. Meisner and V Meisner, without admitting or denying the allegations of the Complaint for the purposes of this Consent Order of Preliminary Injunction and Other Ancially Relief ("Order"), except as to jurisdiction and venue, which they admit, consent to the entry of this Order and state that their consent is entered voluntarily, with the advice of counsel, and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, to induce them to consent to this Order;

2. Meisner and V. Meisner acknowledge receipt of the Complaint and waive formal service of summons.

3. Meisner and V Meisner waive the entry of findings of fact and conclusions of law for purposes of this order pursuant to Rule 52 of the Federal Rules of Civil Procedure.

**THE PARTIES AGREE AND THE COURT FINDS THAT:**

4. This Court has jurisdiction over Defendant and Relief Defendant, and the subject matter of this action pursuant to Section 6c of the Commodity Exchange Act, as amended, (the Act), 7 U.S.C. §13a-1 (2006), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

5. The pending bankruptcy matters do not affect the Commission's ability to file an action for injunctive relief seeking to enjoin the Defendants' fraud. Such regulatory actions fall under an exception to the bankruptcy stay provisions. *CFTC v. AVCO Financial Corp.*, 979 F.Supp. 232, 235 (S.D.N.Y. 1997); *CFTC v. Co Petro Marketing Group, Inc.*, 700 F.2d 1279 (9th Cir. 1983); *In re Dolan*, 265 B.R. 471, 481 (Bkrtcy M.D. Fla. 2001) (an action to enjoin illegal conduct and to obtain restitution for that conduct "falls squarely within the scope of the [Section] 362(b)(4) exception.").

6. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. §13a-1(e), in that Defendants and Relief Defendant are found, inhabit or transact business in this district, and the acts and practices in violation of the Act have occurred, are occurring or are about to occur within this district;

7. There is good cause to believe that Meisner has engaged in and is likely to engage in acts and practices that violate Sections 4b(a)(2)(i)-(iii), 4m(1) and 4o(1) of the Act, 7 U.S.C. §§ 6b(a)(2)(i)-(iii), 6m(1) and 6o(1), and Commission Regulations, and there is a reasonable likelihood that the CFTC will prevail on the merits of this action.

## ORDER OF PRELIMINARY INJUNCTION

**IT IS THEREFORE ORDERED THAT:**

8. The Defendant and his agents, servants, employees, nominees, or attorneys are restrained, enjoined and prohibited, until further order of this Court, from directly or indirectly:

> A. Cheating or defrauding or attempting to cheat or defraud other persons in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other person, in violation of Sections 4b(a)(2)(i) of the Act, 7 U.S.C. § 6b(a)(2)(i);

-3-

    B.    Willfully making or causing to be made to other persons any false report or statement thereof, or willfully to enter or cause to be entered for such persons any false record thereof, in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other person, in violation of Section 4b(a)(2)(ii) of the Act, 7 U.S.C. § 6b(a)(2)(ii);

    C.    Willfully deceiving or attempting to deceive other persons by any means whatsoever in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other person, in violation of Section 4b(a)(2)(iii) of the Act, 7 U.S.C. § 6b(a)(2)(iii);

    D.    Employing any device, scheme, or artifice to defraud any participant or prospective participant, or engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any participant or prospective participant, by use of the mails or any means or instrumentality of interstate commerce, in violation of Section 4*o*(1) of the Act, 7 U.S.C. § 6*o*(1); and

    E.    Operating as an AP of a CPO, i.e, being associated as an officer, employee, and/or agent in a capacity that involves (i) the solicitation of funds, securities, or property for a participation in a commodity pool and/or (ii) the supervision of any person or persons so engaged.

9.    Defendant and all his agents, servants, employees, nominees, or attorneys are further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

    A.    Engaging in, controlling or directing the trading for any commodity futures or options accounts for or on behalf of any other person or entity, whether by power of attorney or otherwise;

    B.    Entering into any commodity futures or options transactions for his own account, for any accounts in which he has a direct or indirect interest and/or having any commodity futures or options traded on his behalf; and

    C.    Soliciting any new or existing pool participants or accepting any new deposits of funds from any new or existing pool participants.

-4-

## ASSET FREEZE

10. Defendant, Relief Defendant and all of their agents, servants, employees, nominees, or attorneys are further restrained, enjoined and prohibited, until further order of this Court from directly or indirectly:

    A. Dissipating, withdrawing, transferring, removing, concealing or disposing of cash, cashiers checks, funds, assets or other property of, or within the custody, control or possession of the Defendant, including, but not limited to, all funds, personal property, money or securities held in safes, safety deposit boxes and all funds on deposit in any financial institution, bank or savings and loan account, including funds or property of customers, wherever located, whether held in the name of the Defendant or otherwise. The asset freeze prohibits the dissipation of assets in existence before the filing of Michael Meisner's Chapter 11 Bankruptcy petition that are in any way related to the alleged fraud.

    B. The asset freeze portion of this Order is not directed to and affords no relief against the Trustee appointed in the pending Bankruptcy matter of *In re Phoenix*, (08-15917-EPK), his agents, representatives or attorneys and it should be enforced in a manner which is consistent with the orders of the bankruptcy court and all applicable bankruptcy laws.

    C. Michael Meisner and Victoria Meisner shall provide a full accounting of necessary living expenses as well as full disclosure of the nature (including time of acquisition) of any asset from which Meisner funds such living expenses including disclosure of any outside sources of income or support to which Meisner and Victoria Meisner or their children have a legal or equitable claim, within 20 days of the entry of this order.

    D. Notwithstanding the provisions of the above paragraphs, nothing in this Order shall affect the Order Imposing Preliminary Injunction on Victoria Meisner, entered by the U.S. Bankruptcy Court on May 30, 2008 in bankruptcy matter 08-15917 and Adv. Proc. 08-01346.

    E. Notwithstanding the asset freeze provisions of paragraph A above, and subject to compliance with all applicable bankruptcy laws, the parties may seek modification of the asset freeze order, including, but not limited to, a request by Michael Meisner for release of assets for living expenses.

## ACCESS TO AND INSPECTION OF BOOKS AND RECORDS

11. The Trustee currently has custody and control of previously identified books and records of Phoenix. The Trustee, Defendant, Relief Defendant, and their agents, servants,

employees, assigns, attorneys, and persons in active concert or participation with the Defendants who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, shall cooperate fully with the Commission to locate and provide to representatives of the Commission, upon reasonable notice, all books, records and other documents of Defendants wherever such books and records may be situated; and shall not destroy, alter, conceal or dispose of any books, records, documents, correspondence, brochures, manuals, electronically stored data, meta data, tape recordings or other property, wherever stored or located concerning the Defendants and the Relief Defendant; and shall permit representatives of the Commission, upon reasonable notice, to make copies of said books and records.

12. Until further order of this Court, Defendant and Relief Defendant and each firm, corporation, partnership, association or other person or entity which holds or is a depository of Defendants' funds, securities, assets or other property of any kind, are prohibited from directly or indirectly transferring, withdrawing, removing or disposing of any such funds, securities, assets or other property in any way other than to preserve said property to be delivered to Trustee, upon further order of this court;

13. The injunctive provisions of this Order shall be binding on the Defendant and Relief Defendant and upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of Defendants and upon any person who receives actual notice of this Order by personal service, facsimile or otherwise insofar as he or she is acting in active concert or participation with the Defendant or the Relief Defendant.

14. It is further ordered that the Defendant immediately identify and provide an accounting for all assets and property that he currently maintains, directly or indirectly, outside the United States, including but not limited to, all funds on deposit in any financial institution,

futures commission merchant, bank, or savings and loan accounts held by, under the control of, or in the name of Michael A. Meisner, Victoria Meisner, or their children, whether jointly or otherwise, and requiring him to repatriate all funds held in such accounts by paying them to the Court's registry or to the Trustee, pursuant to further order of the court, for further disposition in this case.

15. It is further ordered that Ava M. Gould, Senior Attorney for the CFTC, or Donald Nash, Senior Futures Investigator, shall serve this Order and all other papers in this cause. It is further ordered that this Order may be served by facsimile transmission, electronic mail or data transfer, courier service, certified, registered or first class mail, Federal Express or personal service.

16. This Order shall remain in effect until further order of this Court and this Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action, including modification of the provisions of the asset freeze portion of this order.

## BOND NOT REQUIRED OF PLAINTIFF

17. Plaintiff Commission is an agency of the United States of America and, accordingly, no bond need be posted by the Commission.

## ORDER PERMITTING EXPEDITED DISCOVERY

18. The prohibition upon discovery before the early meeting of counsel is removed pursuant to Rule 26(d) of the Federal Rules of Civil Procedure and parties may initiate discovery immediately upon entry of this Order;

19. The parties may proceed to take the oral deposition of any person upon seven (7) calendar days actual notice if the notice is served upon the parties personally or by telephone or telecopier to the party's last know phone or telecopier number; and

20. The parties shall have the authority to immediately issue subpoenas to banks and any other third parties holding documents relating to the Defendants or Relief Defendant. In addition, all parties have the authority to take depositions of any person for the purpose of discovering the identities of pool participants and other investors and the nature of Defendants' dealings with them, and the nature, location, status, source and extent of assets of the Defendants and the location of any documents reflecting those assets. Specifically, the Plaintiff may take the depositions of Michael A. Meisner and Victoria Meisner regarding the nature and source of their pre and post-petition assets. Any depositions taken for the purpose of discovering assets shall not prevent the parties from taking additional depositions of the Defendant or Relief Defendant.

**IT IS SO ORDERED**

Recommended for Entry:

Ann E. Vitunac
United States Magistrate Judge

Date:_____

Entered this __17__ day of __Nov__ 2008

Kenneth L. Ryskamp
U.S. District Judge

CONSENTED TO AND APPROVED BY:

-8-

K:\PHOENIX\DRAFT MEISNER 2 CONSENT PRELIM.doc

/s/ Hecker
Sherri B. Simpson, on behalf of
Michael A. Meisner and Victoria Meisner

Dated: _____

H. Scott Hecker, on behalf of
Michael A. Meisner and Victoria Meisner

Dated: 10/16/08

Ava M. Gould
for Plaintiff, U.S. Commodity Futures Trading
Commission

Dated: 10/16/08

-9-