IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH

CASE NO: 08-81044-CIV-RYSKAMP-VITUNAC

COMMODITY FUTURES TRADING )
COMMISSION, )
    Plaintiff, )
v. )
)
MICHAEL A. MEISNER, et al. )
    Defendant. )

CLOSED CASE

## SUPPLEMENTAL ORDER ASSESSING RESTITUTION, DISGORGMENT AND A CIVIL MONETARY PENALTY AGAINST MICHAEL MEISNER AND VICTORIA MEISNER

### I. BACKGROUND

On September 23, 2008, Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") filed a Complaint in the above-captioned action against Michael A. Meisner ("Meisner") and Phoenix Investment Corporation, Inc. ("Phoenix") (collectively "Defendants"), and Relief Defendant Victoria Meisner ("V. Meisner") seeking injunctive and other equitable relief for violations of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1 *et seq.* (2006), and the Commission Regulations ("Regulations") promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.* (2008). The Court entered Consent Orders of Preliminary Injunction against the Defendants and the Relief Defendant on November 17, 2008 (DE 28, 30). On September 18, 2009, the Court entered Consent Orders of Permanent Injunction and Other Equitable Relief against Meisner, V. Meisner, and Phoenix ("Permanent Injunction"). (DE 48, 48). The Permanent Injunction against Meisner and V. Meisner included findings of fact that Meisner, while operating Phoenix as a commodity pool, defrauded least 200 pool participants and misappropriated their funds, and V. Meisner received at least $1 million in funds that were

1

obtained as a result of Meisner's fraud. Meisner and V. Meisner neither admitted nor denied the findings of fact. The Permanent Injunction reserved the issues of restitution, disgorgement and a civil monetary penalty.

On 4/8/10 the parties submitted an agreed proposed Supplemental Order Assessing Restitution, Disgorgement and a Civil Monetary Penalty against Michael Meisner and Victoria Meisner ("Supplemental Order") to resolve the remaining issues of monetary sanctions and to dispose of the case.

## II. CONSENTS AND AGREEMENTS

1. To effect settlement of the matters alleged in the Complaint, Meisner and V. Meisner consent to the entry of this Supplemental Order.

2. Meisner and V. Meisner agree that they have read this Supplemental Order and agree to this Supplemental Order voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce their consent to this Supplemental Order, other than as set forth specifically herein.

5. Meisner and V. Meisner admit that this Court has jurisdiction over them and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear to the Commission that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

6. Meisner and V. Meisner admit that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. §13a-1 (2006), in that certain of the acts and practices alleged in the Complaint occurred in this District.

2

7. Meisner and V. Meisner waive: (a) any and all claims that they may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (2006) and 28 U.S.C. § 2412 (2006), and/or Part 148 of the Regulations, 17 C.F.R. §§ 148.1 et seq. (2009), relating to, or arising from, this action; (b) any and all claims that they may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, §§ 201-253, 110 Stat. 847, 857-868 (1996), as amended by Pub. L. No. 110-28, § 8302, 121 Stat. 112, 204-205 (2007), relating to, or arising from, this action; (c) any claim of Double Jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief; and (d) all rights of appeal from this action.

8. By consenting to the entry of this Supplemental Order, Meisner and V. Meisner neither admit nor deny any of the findings or conclusions made in the Permanent Injunction or the allegations contained in the Complaint, except as to jurisdiction and venue, which they admit. However, Meisner and V. Meisner agree that the allegations of the Complaint and all of the findings and conclusions made by this Court and contained in the Permanent Injunction shall be taken as true and correct and be given preclusive effect, without further proof, in the course of: (1) any current or subsequent bankruptcy proceeding filed by, on behalf of, or against Meisner and/or V. Meisner; (2) a proceeding to enforce the Permanent Injunction and/or Supplemental Order; and/or (2) any proceeding pursuant to Section 8a of the Act, 7 U.S.C. § 12a(1) and/or Part 3 of the Regulations, 17 C.F.R. §§ 3.1 et seq.

9. Meisner and V. Meisner agree to provide immediate notice to the Commission of any subsequent bankruptcy filed by, on behalf of, or against either them by certified mail sent to the Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581.

10. Meisner and V. Meisner agree that neither they nor any of their agents or employees under their authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or findings or conclusions in this Order or creating, or tending to create, the impression that the Complaint or this Order is without a factual basis; provided, however, that nothing in this provision shall affect Meisner's and/or V. Meisner's (a) testimonial obligations; or (b) right to take legal positions in other proceedings to which the Commission is not a party. Meisner and V. Meisner shall take all necessary steps to ensure that all of their agents and employees under their authority or control understand and comply with this agreement.

11. Meisner and V. Meisner consent to the continued jurisdiction of this Court for the purpose of enforcing the terms and conditions of the Permanent Injunction and Supplemental Order and for any other purpose relevant to this action even if either of them now or in the future operate outside of this jurisdiction.

## III. RELATED CASES

### A. Bankruptcy Matters

1. Meisner is currently the debtor in a bankruptcy proceeding in the bankruptcy court for this district. *In re Michael Meisner*, No. 08-16502-EPK (Bankr. S.D. Fla.). On July 2, 2009, Deborah C. Menotte was appointed the interim Chapter 7 Trustee.

2. Phoenix is currently the debtor in a bankruptcy proceeding in the bankruptcy court for this district. *In re: Phoenix Diversified Investment Corporation, Inc.* (08-15917-EPK). On November 10, 2008, the Court approved the election of Kenneth A. Welt as chapter 7 Trustee.

### B. Criminal Matters

3. On September 4, 2009, pursuant to a plea agreement, Meisner pleaded guilty to a three count Information charging Meisner with: (i) mail fraud, in violation of Title 18, United States Code, Section 1341; (ii) loan application fraud, in violation of Title 18, United States Code, Section 1014; and (iii) tax evasion, in violation of Title 26, United States Code, Section 7201, *United States v. Meisner*, Cr. No. 09-80093 (S.D. Fla. Sept. 4, 2009). On November 30, 2009, pursuant to a plea agreement, V. Meisner pleaded guilty to a one count Information charging V. Meisner with filing a false U.S. federal tax return, in violation of Title 26, United States Code, Section 7206(a), *United States v. Victoria R. Meisner*, Cr. No. 09-80143 ( S.D. Fla. Nov. 30, 2009).

11. This Court, being fully advised in the premises, finds that there is good cause for the entry of this Supplemental Order and that there is no just reason for delay, and

ORDERS AS FOLLOWS:

### IV. MONETARY SANCTIONS

### A. Restitution

1. Meisner's violations of the Act merit the award of restitution to the pool participants defrauded by Meisner. Upon entry of this Supplemental Order, Meisner shall pay restitution in the amount of $24,471,014.00, plus post-judgment interest (the "Restitution Obligation").

2. Post-judgment interest shall accrue on the Restitution Obligation commencing on the date of entry of this Supplemental Order and shall be determined by using the United States Treasury Bill rate prevailing on that date pursuant to 28 U.S.C. § 1961.

3. Meisner may petition the Court for a reduction of the Restitution Obligation based upon: 1) Meisner's satisfaction of any criminal restitution obligation imposed upon him in *United*

States v. Meisner, 09-cr-80093-KAM (S.D. Fla.); and/or 2) the Bankruptcy Trustees' successful recovery and distribution of bankruptcy estate assets to Meisner's pool participants pursuant to the claims process as ordered by the U.S. Bankruptcy Court in In re Michael Meisner, No. 08-16502-EPK (Bankr. S.D. Fla.).

**B. Civil Monetary Penalty**

4. Based upon Meisner's numerous violations of core anti-fraud provisions of the Act, he shall, upon entry of this Supplemental Order, pay to the CFTC a civil monetary penalty in the amount of $6.8 million, plus post-judgment interest ("CMP Obligation"). The CMP Obligation represents the amount of Meisner's monetary gain from his violations of the Act.

5. Post-judgment interest shall accrue on the CMP Obligation commencing on the date of entry of this Supplemental Order and shall be determined by using the United States Treasury Bill rate prevailing on that date pursuant to 28 U.S.C. § 1961.

**C. Disgorgement**

6. V. Meisner shall make disgorgement in the amount of $1 million ("Disgorgement Obligation"). The Disgorgement Obligation represents the amount of benefits that V. Meisner obtained as a result of Meisner's fraud and for which she has no legitimate entitlement to, or interest in. The Disgorgement Obligation shall commence immediately upon entry of this Supplemental Order.

**D. Payment Procedures, Priority of Monetary Sanctions and Partial Payments**

7. To effect payment by Meisner and V. Meisner and the distribution of restitution and disgorgement, the Court appoints the National Futures Association ("NFA") as Monitor. The Monitor shall collect restitution payments from Meisner and V. Meisner and make distributions as set forth below. Because the Monitor is not being specially compensated for these services,

6

and these services are outside the normal duties of the Monitor, it shall not be liable for any action or inaction arising from its appointment as Monitor, other than actions involving fraud.

8. Meisner and V. Meisner shall make their required restitution and disgorgement payments under this Order in the name of "Meisner – Restitution/Disgorgement Fund" and shall send such restitution and/or disgorgement payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606, under a cover letter that identifies the paying Defendant and the name and docket number of the proceeding. The payor shall simultaneously transmit copies of the cover letter and the form of payment to (a) Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, and (b) Chief, Office of Cooperative Enforcement, Division of Enforcement at the same address.

9. The Monitor shall oversee the Restitution Obligation and Disgorgement Obligation, and shall have the discretion to determine the manner of distribution of funds in an equitable fashion to Meisner's participants or may defer distribution until such time as it may deem appropriate. In the event that the amount of restitution and/or disgorgement payments to the Monitor are of a de minimis nature such that the Monitor determines that the administrative costs of the making a restitution and/or disgorgement distribution to Meisner's participants is impractical, the Monitor may, in its discretion, treat such restitution and/or disgorgement payments as civil monetary penalty payments, which the Monitor shall forward to the Commission following the instructions for payment of the CMP Obligation as set forth in Section III.B, below.

10. Meisner and V. Meisner shall execute any documents necessary to release funds that they have in any repository, bank, investment or other financial institution wherever located, in order

to make partial or total payment toward the Restitution Obligation and/or Disgorgement Obligation.

11. Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each of Meisner's participants is explicitly made an intended third-party beneficiary of this Supplemental Order and may seek to enforce obedience of this Supplemental Order to obtain satisfaction of any portion of the Restitution Obligation and/or Disgorgement Obligation that has not been paid by Meisner and/or V. Mesiner, to ensure continued compliance with any provision of this Supplemental Order and to hold Meisner and/or V. Meisner in contempt for any violation of any provision of this Supplemental Order.

12. Meisner shall pay the CMP Obligation to the CFTC by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, the payment shall be made payable to the Commodity Futures trading Commission and sent to the address below:

   Commodity Futures Trading Commission
   Division of Enforcement
   Attn: Marie Bateman – AMZ-300
   DOT/FAA/MMAC
   6500 S. MacArthur Blvd.
   Oklahoma City, OK 73169
   Telephone: (405) 954-6569

If payment is to be made by electronic funds transfer, Meisner shall contact Marie Bateman or her successor at the above address to receive payment instructions and shall fully comply with those instructions. Meisner shall accompany payment of the CMP Obligation with a cover letter that identifies Meisner and the name and docket number of this proceeding. Meisner shall simultaneously transmit copies of the cover letter and the form of payment to: 1) the Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre,

1155 21st Street, N.W., Washington, D.C. 20581; and 2) to the Chief, Office of Cooperative Enforcement, Division of Enforcement, at the same address.

13. To the extent that any funds accrue to the U.S. Treasury as a result of either the Restitution Obligation or Disgorgement Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth in paragraph 9 above.

14. All payments by Meisner pursuant to this Supplemental Order shall first be applied to satisfaction of the Restitution Obligation. After satisfaction of the Restitution Obligation in full, payments by Meisner pursuant to this Supplemental Order shall be applied to satisfy Meisner's CMP Obligation.

15. Meisner shall receive a dollar-for-dollar credit against the Restitution Obligation for any payments made by V. Meisner in satisfaction of the Disgorgement Obligation. V. Meisner shall receive a dollar-for-dollar credit against the Disgorgement Obligation for any payments made by Meisner in satisfaction of the Restitution Obligation.

16. Any acceptance by the Commission and/or Monitor of partial payment of Meisner's Restitution Obligation and/or CMP Obligation or of V. Meisner's Disgorgement Obligation shall not be deemed a waiver of their respective obligations to make further payments pursuant to this Supplemental Order, or a waiver of the Commission's and/or Monitor's right to seek to compel payment of any remaining balance.

## V. MISCELLANEOUS PROVISIONS

1. <u>Jurisdiction of this Court</u>: This Court shall retain jurisdiction of this cause to assure compliance with this Supplemental Order, the Restitution Obligation, the CMP Obligation and the Disgorgement Obligation, and for all other purposes related to this action.

2. <u>Bankruptcy Matters</u>: Nothing in this Supplemental Order is intended to limit or constrain the Trustees' fulfillment of their responsibilities and duties as Trustees under the laws of the United States, the Bankruptcy Code and/or the orders of the United States Bankruptcy Court.

3. <u>Cooperation</u>: Meisner and V. Meisner shall cooperate fully with the Commission and any government agency seeking to enforce either the Restitution Obligation or CMP Obligation or Disgorgement Obligation provisions of this Supplemental Order by providing any requested information relating to their financial status including, but not limited to, income and earnings, assets, financial statements, asset transfers, and tax returns.

4. <u>Invalidation</u>: If any provision of this Supplemental Order, or if the application of any provisions or circumstances is held invalid, the remainder of this Supplemental Order and the application of the provisions to any other person or circumstance shall not be affected by the holding.

5. <u>Waiver</u>: The failure of any party hereto at any time or times to require performance of any provision hereof shall in no manner affect the right of such party at a later time to enforce the same or any other provision of this Supplemental Order. No waiver in one or more instances of the breach of any provision contained in this Supplemental Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Supplemental Order.

6. Nothing in the Permanent Injunction or Supplemental Order is intended to limit or constrain the authority of the United States Bankruptcy Court or the protection Meisner is afforded under the Bankruptcy Code in connection with Meisner's pending bankruptcy case.

7. This Court shall retain jurisdiction over this action to ensure compliance with this Supplemental Order and for all other purposes related to this action.

8. <u>Entry of Judgment:</u> There being no just cause for delay, the Clerk of the Court shall enter final judgment against Meisner and V. Meisner in this action forthwith and without further delay. There being no pending matters remaining in this matter, the case may be closed.

IT IS SO ORDERED. *The Clerk of Court shall close this case and deny any pending motions as moot.*

DATED: April 9, 2010

_____
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Consented to and Approved by:

_____           Dated: 3/19/2010
H. Scott Hacker, Attorney for
Michael A. Meisner and Victoria Meisner

_____           Dated: 3/19/2010
Michael A. Meisner

11

Case 9:08-cv-81044-KLR Document 54 Entered on FLSD Docket 04/12/2010 Page 12 of 12
Case 9:08-cv-81044-KLR Document 53-1 Entered on FLSD Docket 04/08/2010 Page 12 of 12
FEB 22 2010 11:46 FR CFTC CHICAGO 312 596 0714 TO 919547289263 P.13

_____  Dated: 3/19/2010
Victoria Meisner

_____  Dated: 3/31/2010
Ava M. Gould
for Plaintiff, U.S. Commodity Futures Trading
Commission

12